Cite as 2013 Ark. 332

# SUPREME COURT OF ARKANSAS
No. CR-11-891

| | |
|---|---|
| | **Opinion Delivered** September 19, 2013 |
| MICHAEL LEE ANDERSON<br>APPELLANT | PRO SE APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT, 02CR-06-197, HON. DON GLOVER, JUDGE |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED. |

## PER CURIAM

In 2007, a jury found appellant Michael Lee Anderson guilty of five counts of committing a terroristic act and one count of possession of a firearm by a felon. An aggregate sentence of 110 years' imprisonment was imposed. The Arkansas Court of Appeals affirmed the conviction. *Anderson v. State*, 2010 Ark. App. 177.

Appellant subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). The trial court denied the petition, and appellant brings this appeal. This court has held that it will reverse a decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, ___ S.W.3d ___. We find no error and affirm

On appeal, appellant contends that he was afforded ineffective assistance of counsel at trial due to his counsel's failure to challenge the criminal information and the jury instructions

and his counsel's failure to make a sufficient motion for directed verdict. Appellant abandons the remainder of the claims raised in his petition.[1] For the first time on appeal, appellant also contends that the trial court did not have jurisdiction because the elements of a terroristic act, as charged in the information, did not constitute a crime. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in finding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the

---

[1]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

SLIP OPINION

time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, ___ S.W.3d ___; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's first point on appeal is that his counsel provided ineffective assistance based on counsel's failure to challenge the criminal information charging appellant with multiple counts of a terroristic act in violation of Arkansas Code Annotated section 5-13-310 (Repl. 2006). He contends that because the information omits elements of the charged crime, he was

misled in preparing his defense due to a lack of notice. In a related argument, appellant also contends that the trial court did not have jurisdiction because the elements of a terroristic act, as charged in the information, did not constitute a crime. The argument, which was not raised below, does not state a jurisdictional defect. Moreover, appellant's claim must fail because the charged offense is a crime pursuant to Arkansas Code Annotated section 5-13-310.

We find nothing to conclude that counsel provided ineffective assistance based on his decision not to challenge the information. On December 28, 2006, appellant and his brother, Myron Anderson, who is not a party to this appeal, were charged with seven counts of committing a terroristic act and one count of felon in possession of a firearm. Before the case was submitted to the jury, two of the terroristic-act counts were withdrawn by the State. The charges arose out of the shooting of seven persons in a nightclub. Other than the name of the injured person, each of the charges of committing a terroristic act was identical to the others, with Count One reading as follows:

> I, THOMAS D. DEEN, Prosecuting Attorney of the Tenth Judicial District of the State of Arkansas, of which Ashley County is a part, in the name and by the authority of the State of Arkansas, accuse Myron Newjean Anderson, Jr. and Michael Lee Anderson of the offenses of (1) Terroristic Act and (2) Felon in Possession of a Firearm, in that the said defendants in Ashley County, Arkansas, unlawfully and in complicity with each other:
>
> COUNT ONE - TERRORISTIC ACT: On or about November 23, 2006, while not in the commission of a lawful act and with the purpose to cause physical injury, did shoot at one or more persons and thereby cause physical injury to [name] and said defendants having previously been convicted of more than one felony, the offense is punishable as a Class B felony by imprisonment for not less than five years nor more than thirty years and by a fine not exceeding $15,000; against the peace and dignity of the State of Arkansas and in violation of Ark. Code Ann. § 5-13-310[.]

Appellant contends that he suffered a disadvantage in the preparation of his defense

because the information failed to provide notice that a terroristic act must be committed against the occupant of a conveyance or occupiable structure. However, Arkansas Code Annotated section 5-13-310(a) (Repl. 2006), the statute in effect when the crimes were committed, provides, in pertinent part, as follows:

> (a) For the purpose of this section, a person commits a terroristic act if, while not in the commission of a lawful act, the person:
>
> (1) Shoots at or in any manner projects an object with the purpose to cause:
>
> > (A) Injury to another person; or
> >
> > (B) Damage to property at a conveyance that is being operated or that is occupied by another person; or
>
> (2) Shoots with the purpose to cause injury to a person or damage to property at an occupiable structure.

The felony information tracks the elements of the offense of a terroristic act as set out in the "hard copy version" of Arkansas Code Annotated section 5-13-310(a)(1)(A) in effect at the time that appellant committed the charged crimes.[2] Counsel's reliance on the statute, as printed in the hard copy of the Arkansas Code, in making the decision not to challenge the

---

[2]There was apparent confusion occasioned by the difference in the hard copy version of Arkansas Code Annotated section 5-13-310 and the electronic version of the statute. "Hard copy" is the term used in the statute to refer to the printed copy of the Arkansas Code. While appellant refers to an electronic version of Section 5-13-310 in his Rule 37.1 petition and on appeal, the hard copy version of the statute, quoted herein, takes precedence over the electronic version. Ark. Code Ann. § 1-2-123 (Supp. 2003). In addition, further confusion resulted because the delineation of subsections in 2005 Ark. Acts No. 197 is not followed by the hard copy of the statute. However, the User's Guide of Title 5 of the Arkansas Code Annotated provides, "Differences in language, subsection order, punctuation, and other variations in the statute text from the legislative acts, supplemental pamphlets, and previous versions of the bound volume, are editorial changes made at the direction of the Arkansas Code Revision Commission pursuant to the authority granted in § 1-2-303."

SLIP OPINION

information cannot be considered to be performance so deficient that he was not performing as counsel as required by the Sixth Amendment.

Moreover, the information was sufficient to prepare appellant to meet the charges filed against him pursuant to Arkansas Code Annotated section 5-13-310(a)(1)(A). This court has held that an information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and sets forth the principal language of the statute and the asserted facts constituting the offense. *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (per curiam). The minimal requirements for a proper information are sufficient to apprise a defendant of the offense. *England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962). Appellant cannot demonstrate that the defense was unaware of the offenses charged and the conduct that was alleged to have given rise to the charges. *See Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam). An attorney cannot be found to be ineffective for failure to make an objection that the petitioner in a postconviction proceeding is unable to establish would have had merit. *Id.* Thus, counsel cannot be considered ineffective under the standards set forth in *Strickland* based on his decision not to challenge the instructions.

In a similar argument, appellant also contends that his counsel was ineffective because he failed to challenge the jury instructions on the basis that the instructions did not follow the electronic version of Arkansas Code Annotated section 5-13-310, thereby depriving him of a jury trial as to each element of a terroristic act. Like the information, the instructions track the elements of a terroristic act as set out in the hard-copy version of Arkansas Code Annotated

section 5-13-310 in effect at the time that appellant committed the charged crimes. *See* Ark. Code Ann. § 1-2-123. Based on the standards for proving ineffective assistance as set out in *Strickland*, we hold that appellant's trial counsel did not provide ineffective assistance in not challenging the jury instructions or verdict forms that tracked the elements of the charged crimes, as printed in the Arkansas Code.

In his third point on appeal, appellant contends that counsel provided ineffective assistance based on his failure to make a motion for directed verdict sufficient to preserve a sufficiency-of-evidence argument for appeal. On direct appeal, the court of appeals held that the attorney's motion for directed verdict was inadequate because it did not raise issues relating to a specific deficiency. *Anderson*, 2010 Ark. App. 177. However, the court also recognized that there was evidence that appellant was a felon, that he was in a nightclub shooting a firearm on the night in question, and that seven people were shot. *Id.* Further, the trial court, in its order denying Rule 37.1 relief, specifically found that the elements of the offense of a terroristic act are supported by the evidence, and it noted that according to eyewitness testimony at trial, appellant and an accomplice were shooting wildly inside the nightclub when they wounded several patrons. Where it is asserted that counsel was ineffective for failure to make a motion, the petitioner must show that the motion would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Mitchell v. State*, 2012 Ark. 242. Because appellant has failed to set forth any valid argument that the evidence presented at trial did not at least present a jury question concerning whether he had committed the charged crimes, his ineffective-assistance claim must fail.

Having considered the arguments raised by appellant in this appeal, the record, and the order rendered by the trial court, there is no ground on which to reverse the trial court's ruling. Accordingly, the order is affirmed.

Affirmed.

*Michael Lee Anderson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

SLIP OPINION