SLIP OPINION

Cite as 2015 Ark. 417

# SUPREME COURT OF ARKANSAS

No. CR-13-1006

| | |
|---|---|
| ROLANDIS LARENZO CHATMON | **Opinion Delivered** November 5, 2015 |
| PETITIONER | |
| | PRO SE PETITION TO REINVEST |
| V. | JURISDICTION IN THE CIRCUIT |
| | COURT TO CONSIDER A PETITION |
| | FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | AND AMENDED PETITION |
| RESPONDENT | [FAULKNER COUNTY CIRCUIT |
| | COURT, NO. 23CR-12-571] |
| | |
| | PETITIONS DENIED. |

## PER CURIAM

This court affirmed a judgment reflecting petitioner Rolandis Larenzo Chatmon's convictions on three counts of aggravated robbery and one count of theft of property. *Chatmon v. State*, 2015 Ark. 28. Chatmon was sentenced, as a habitual offender with a firearm enhancement, to an aggregate term of three consecutive life sentences plus 360 months' imprisonment. *Id.* Chatmon has now filed a pro se petition in this court in which he seeks to reinvest jurisdiction in the trial court to proceed with a petition for writ of error coram nobis. After the State filed a response to the petition to reinvest jurisdiction, Chatmon filed an amended petition. We deny the petitions.

A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request that this court reinvest jurisdiction in the trial court. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Where the record for the

SLIP OPINION

underlying proceedings remains in this court, the circuit court is deprived of jurisdiction, and leave from this court is required before the circuit court may consider a petition for the writ. *Id.* This court will grant permission to proceed with a petition for the writ only when it appears, looking to the reasonableness of the allegations of the proposed petition and the existence of the probability of the truth of those allegations, that the proposed attack on the judgment is meritorious. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. This court is not required to accept at face value the allegations of the petition. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984).

Error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. The remedy is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *White*, 2015 Ark. 151, 460 S.W.3d 285.

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. This court has recognized four categories of error for which the writ is available: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; (4) a third-party confession to the crime during the time between conviction and appeal. *Noble*, 2015 Ark. 141, 460 S.W.3d 774. The writ is issued only under compelling circumstances to achieve justice and to address

errors of the most fundamental nature. *White*, 2015 Ark. 151, 460 S.W.3d 285.

Chatmon proposes only two grounds as a basis for the writ in both petitions. In the first, he alleges that the judge in his case was biased. In the second, he alleges prosecutorial misconduct. Chatmon alleges misconduct that includes the State's use of perjured testimony; the fabrication, alteration, and mishandling of evidence; the suppression of investigative reports of an interview with Chatmon's codefendant and a witness; and the prosecution's introduction of evidence of other crimes during the sentencing phase of Chatmon's trial.

Chatmon first alleges that the judge, who had later entered a guilty plea to bribery charges concerning an unrelated civil case, was biased in favor of the prosecution. Chatmon asserts that the judge's failure to act on his pro se motion to have trial counsel relieved and new counsel appointed was evidence of this judicial bias. In his amended petition, Chatmon further elaborates on this claim, pointing to what he labels as additional instances of bias demonstrated by the judge.

To state a ground for the writ on the basis of judicial bias, a petitioner must show that there was a reasonable probability that he would not have been convicted if an unbiased judge had served, and an allegation of the mere appearance of impropriety is not sufficient. *Turner v. State*, 2012 Ark. 357 (per curiam). A petitioner does not make the necessary showing of fundamental error to support relief where there is no demonstration of actual bias. *Id.*; *see also Trimble v. State*, 316 Ark. 161, 871 S.W.2d 562 (1994) (holding that it was not error to decline to issue the writ where there was an appearance of impropriety but the petitioner demonstrated no prejudice from the alleged bias).

SLIP OPINION

Here, as this court noted in its opinion on direct appeal, there was substantial evidence of Chatmon's guilt. Chatmon points to only two specific actions by the trial judge, the failure of the judge to grant his motion for new counsel and the judge's failure to appoint counsel for a posttrial hearing on the issue of counsel's ineffective assistance, that would have had any bearing on the outcome of his trial. The remainder of this claim, including those allegations raised in the amended petition, sets forth only generalized assertions that Chatmon's trial was not fair because the judge exhibited an appearance of bias in favor of the prosecution through his actions in the unrelated civil case and through inappropriate comments made in social media.

Chatmon's claim that the judge exhibited bias by failing to provide a ruling on his motion for new counsel is contradicted by Chatmon's own statements on the record. During the sentencing phase of his trial, Chatmon took the stand and attempted to testify about his claims that counsel had been ineffective and should have been relieved. He noted in his testimony that he had filed the motion for new counsel, and, after the court indicated that the issue had already been addressed in previous hearings, Chatmon acknowledged as much.

Chatmon additionally asserts that the trial court should have appointed other counsel to represent him during a posttrial hearing on his pro se motion alleging that counsel was ineffective. In its opinion on direct appeal, this court held that the motion was deemed denied before the order was entered. *Chatmon*, 2015 Ark. 28. Even if the trial court had acted with bias, Chatmon did not demonstrate a reasonable probability that a different outcome would have resulted.

To the extent that Chatmon contends that the court's denial of the motion for new

SLIP OPINION

counsel was incorrect and demonstrated bias, the issue was not one that was hidden, and it was addressed by the trial court. Such issues could have been addressed on appeal or in a proceeding under Criminal Procedure Rule 37.1. *See Westerman*, 2015 Ark. 69, 456 S.W.3d 374; *see also Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003). Claims of ineffective assistance of counsel or claims that concern counsel operating under a conflict of interest are not cognizable in a coram-nobis proceeding. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. Chatmon failed to demonstrate a basis for the writ in his allegations.

Chatmon next alleges prosecutorial misconduct as a basis for the writ. Chatmon's allegations are largely conclusory. He states no facts aside from those noted below that support his claims that the prosecution used perjured testimony; that the prosecution mishandled, fabricated, or tampered with evidence; or that evidence was withheld from the defense. An application for coram-nobis relief must make a full disclosure of specific facts relied upon, and this court is not required to take claims in the petition at face value without substantiation. *Fudge v. State*, 2015 Ark. 230, 463 S.W.3d 292 (per curiam); *see also Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004).

Chatmon alleges that the prosecution withheld reports concerning two statements. Suppression of material, exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Barker v. State*, 2010 Ark. 354, 373 S.W.3d 865. The evidence at trial was that Chatmon and Rodney Chambers were found in the parking lot of an apartment complex near the scene of the crime. The men were sitting in an SUV that matched the description of a suspicious vehicle seen by one of the victims. A gun also consistent with the

victims' descriptions of the weapon used in the robbery was found in the SUV, along with a hat like the one worn by the robber. A wallet taken in the robbery was found in a nearby dumpster. Chatmon first asserts that the prosecution withheld a report concerning Chambers's statement to the police.

Chatmon contends that Chambers made statements to the police that exonerated him. Even if Chambers had made the statements as Chatmon contends, the defense was clearly aware that Chambers had made a statement. There was discussion on the record before the trial commenced about the prosecution's inability to locate Chambers for trial, and it is clear from that discussion that trial counsel was aware of the statement and what Chatmon contends Chambers said in it.

The second report that Chatmon contends was withheld is the transcript of an interview of Monette Solomon. Solomon testified that Chatmon had confessed to him in jail. Chatmon indicates that he was told that the recording is inaudible, and he states no facts in support of his allegations that a transcript was prepared and suppressed. He makes only conclusory statements that the contents of the transcript would indicate that Solomon committed perjury and was coached by the prosecution. The defense was aware of, and utilized on cross-examination, information concerning Chatmon's claim that he had altercations with Solomon. The facts that Chatmon alleged in the petition are not sufficient to establish that the prosecution withheld material evidence with which the defense could have further impeached Solomon. Chatmon's conclusory allegations, without more, do not demonstrate a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

*See id.*

Chatmon's remaining claims allege that the prosecution used perjured testimony, that the prosecution fabricated some evidence, and that the prosecution mishandled or misrepresented other evidence. In these claims, Chatmon alleged that the prosecution failed to preserve and perform certain testing on the wallet, and that the prosecution misrepresented evidence of other crimes that was admitted during sentencing. Chatmon points to the record in support of these claims.

The writ of error coram nobis does not lie to correct an issue of fact that has been adjudicated, even though wrongly determined, or for alleged false testimony at trial. *Bass v. State*, 191 Ark. 860, 88 S.W.2d 74 (1935). When an issue could have been raised at trial or is cognizable in some other legal proceeding, that issue is not cognizable in a later error-coram-nobis proceeding. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. These final allegations of prosecutorial misconduct are the type that could have been raised at trial, and the claims are therefore not the type that provide grounds for the writ. Chatmon has not demonstrated that the proposed attack on the judgment is meritorious.

Petitions denied.

Wood, J., not participating.