SLIP OPINION

Cite as 2016 Ark. 236

# SUPREME COURT OF ARKANSAS.
No. CR–13–1006

| | |
|---|---|
| ROLANDIS CHATMON<br><br>                              PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                              RESPONDENT | Opinion Delivered June 2, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN TRIAL COURT TO CONSIDER A PETITION FOR A WRIT OF ERROR CORAM NOBIS AND, ALTERNATIVELY, PETITION FOR A WRIT OF CERTIORARI<br><br>[FAULKNER COUNTY CIRCUIT COURT, NO. 23CR-12-571]<br><br>HONORABLE CHARLES E. CLAWSON, JR., CIRCUIT JUDGE<br><br>PETITION DENIED. |

## PER CURIAM

Petitioner Rolandis Chatmon is incarcerated in the Arkansas Department of Correction pursuant to a 2013 judgment reflecting his convictions of three counts of aggravated robbery and one count of theft of property. He was sentenced as a habitual offender, with a firearm enhancement, to a term of three life sentences plus 360 months' imprisonment. His convictions and sentences were affirmed by this court on direct appeal. *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731.

Now before this court is Chatmon's second pro se application to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, and alternatively, for a writ of certiorari. Attached to the petition are the following documents: a letter of suspension and removal from office issued to Judge Michael Maggio; a document reflecting

SLIP OPINION

that Chatmon's case was transferred to Maggio's court; Chatmon's pro se motion for appointment of counsel filed in October 2012; and a letter from the Arkansas Public Defender Commission sent to Chatmon addressing complaints about his trial counsel.

We first note that a petition filed in this court for leave to proceed in the trial court where the judgment was entered is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 778. A writ of error coram nobis is an extraordinarily rare remedy. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

In July and August 2015, Chatmon filed in this court a petition and an amended petition for coram-nobis relief. In the petition and amended petition, Chatmon alleged,

among other things, that he was entitled to relief because the presiding judge, Michael Maggio, was corrupt and biased. Chatmon asserted in his first petition that Maggio's bias was manifested by Maggio's refusal to appoint other counsel in his case. In the amended petition, Chatmon recited comments made by Maggio that were alleged to demonstrate bias toward criminal defendants. We considered the petition and amended petition and denied relief. *Chatmon v. State*, 2015 Ark. 417, at 3–4, 473 S.W.3d 542, 545.

In his second coram-nobis petition, Chatmon advances the same claim of judicial bias and reiterates the contention made in his first petition that Maggio's bias was exhibited by the refusal to appoint new counsel. Chatman, however, adds additional factual allegations of racial bias that Chatmon alleges were brought to light in the suspension and removal letter by the Judicial Discipline and Disability Commission that is attached to Chatmon's petition, which sets forth the following observation made by Maggio in private communications outside the courtroom: "I have never understood why African-Americans do not use white ink in their tattoos."[1] Chatmon contends that the aforementioned statement shows Maggio's racial bias, which he alleges tainted the entire trial such that he was denied a fair trial. Chatmon further asserts that this bias was the source of Maggio's refusal to grant a request for a continuance so that a material witness, Rodney Chambers, could be called to testify, together with two other potential witnesses—Stephanie Gray,

---

[1] The Judicial Discipline and Disability Commission classified this statement as an inappropriate statement which, together with other inappropriate statements pertaining to gender and sexuality, impacted the integrity of the courts and had an effect on the respect for judges as a whole. The Commission concluded that this statement, although made in private, gave rise to the appearance of impropriety.

SLIP OPINION

identified by Chatmon as employed by the Arkansas Crime Lab, and Misty Young, identified by Chatmon as being the 911 operator.

We have held that we will not exercise our discretion to permit a successive application for a writ of error coram nobis if the petitioner is abusing the writ by alleging the same grounds without additional facts sufficient to provide grounds for the writ. *Allen v. State*, 2014 Ark. 368, at 5–6, 440 S.W.3d 329, 332–33. A court has the discretion to determine whether the renewal of an application for a coram-nobis petition will be permitted when a petitioner raises additional facts in support of the same claim for relief. *Rodgers v. State*, 2013 Ark. 294, at 3–4 (per curiam); *see also Jackson v. State*, 2010 Ark. 81 (per curiam); *United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata).

Although Chatmon expanded his judicial-bias claim to include evidence of Maggio's racial bias, we rejected similar evidence of impropriety set forth in his first petition as insufficient to establish actual bias. *Chatmon*, 2015 Ark. 417, at 3, 473 S.W.3d at 545. Moreover, Chatmon has not shown that his claim of judicial bias is a ground for a writ of error coram nobis or that it establishes that there was a reasonable probability that the judgment of conviction would not have been rendered if an unbiased judge had served. *Id*. (citing *Turner v. State*, 2012 Ark. 357, at 3 (per curiam)). Chatmon did not create a basis for issuance of the writ in his first petition, and his reassertion of essentially the same claims in the instant petition is a misuse of the remedy in that he has failed to allege any additional facts sufficient to establish actual bias or fundamental errors that invalidated his conviction.

SLIP OPINION

Chatmon alternatively contends that his new allegations of racial bias entitle him to a writ of certiorari. There are two requirements that must be satisfied in order for this court to grant a writ of certiorari. *Pedraza v. Circuit Court of Drew Cty.*, 2013 Ark. 116, at 8, 426 S.W.3d 441, 446. The first requirement for a writ of certiorari is that there can be no other adequate remedy but for the writ of certiorari. *Id*. Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id*. Certiorari is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts, or to review the exercise of a court's discretionary authority. *Id*. This court has held that the writ of certiorari may not be used as a substitute for an appeal. *Conner v. Simes*, 355 Ark. 422, 429, 139 S.W.3d 476, 480 (2003). Allegations of conduct that give rise to an appearance of impropriety but that fail to show either a conflict of interest or actual bias are insufficient to demonstrate that the trial judge acted illegally or in excess of his jurisdiction such that the superintending authority of this court may be invoked through a writ of certiorari. *Turner v. State*, 2012 Ark. 357, at 7 (per curiam) (citing *Weaver v. Simes*, 365 Ark. 289, 229 S.W.3d 15 (2006); *Skokos v. Gray*, 318 Ark. 571, 886 S.W.2d 618 (1994)). Finally, Chatmon fails to demonstrate that there was no other remedy to redress his contentions that he was unfairly denied a continuance and the appointment of other counsel.

Accordingly, the petition for a writ of coram nobis and alternatively for a writ of certiorari is denied.

Petition denied.

WOOD, J., not participating.