
SLIP OPINION

Cite as 2017 Ark. 44

# SUPREME COURT OF ARKANSAS.
No. CR–08–458

| | |
|---|---|
| MYRON NEWJEAN ANDERSON, JR.<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | Opinion Delivered February 16, 2017<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND PRO SE MOTION FOR APPOINTMENT OF COUNSEL<br>[ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-06-197]<br><br><u>PETITION DENIED; MOTION MOOT</u>. |

**PER CURIAM**

In 2007, a jury found petitioner Myron Newjean Anderson, Jr., guilty of five counts of a terroristic act and one count of being a felon in possession of a firearm. The jury imposed an aggregate sentence of 1320 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Anderson v. State*, CR–08–458 (Ark. App. Jan. 28, 2009) (unpublished) (original docket no. CACR08-458). Anderson timely filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2008) that the trial court denied. Anderson lodged an appeal from the denial, and this court dismissed the appeal. *Anderson v. State*, 2009 Ark. 493 (per curiam). On December

7, 2016, Anderson filed this pro se petition seeking to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

---

[1]For clerical purposes, the motion was assigned the same docket number as the direct appeal.

SLIP OPINION

Anderson seeks leave to proceed in the trial court for a writ of error coram nobis contending there was prosecutorial misconduct based on the State's reliance on perjured or false testimony. He further contends that the State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

During Anderson's trial, evidence established that he was a felon, that he was in the nightclub shooting a firearm on the night in question, and that seven people were shot. *Anderson*, CR-08-458, slip op. at 1. On appeal, Anderson argued that the "testimony from the witnesses was so inconsistent that it was unreliable." *Id.* Anderson failed to cite to any authority or advance any argument for the untenable assertion that mere inconsistency in the testimony of different witnesses, in and of itself, so destructive of the jury's ability to discern the truth that it somehow renders otherwise-sufficient evidence insufficient to support a criminal conviction, and the court of appeals did not address his directed-verdict-motion argument on appeal. *Id.*

Here, Anderson makes conclusory claims that the prosecutor permitted false testimony by Courtney Hampton, Reco Webb, Harold McDade, Scott Williams, and Billy Ray Brown to go "uncorrected[.]" While arguing that the identity of the perpetrator was at issue during the investigation and trial, Anderson contends that, because the State's case was entirely based on the witnesses' testimony, it was "more likely than not that no reasonable [j]uror would have found petitioner guilty beyond a reasonable doubt." He fails to argue relief warranted by issuance of the writ.

SLIP OPINION

The writ of error coram nobis does not lie to correct an issue of fact that has been adjudicated, even though wrongly determined, or for alleged false testimony at trial. *Chatmon v. State*, 2015 Ark. 417, 473 S.W.3d 542 (per curiam). When an issue could have been raised at trial or is cognizable in some other legal proceeding, that issue is not cognizable in a coram nobis proceeding. *Id.* Allegations of prosecutorial misconduct, excepting *Brady* violations, or false testimony are the type that could have been raised at trial, and the claims are therefore not the type that provide grounds for the writ. *Id.* Moreover, to the extent that Anderson's assertions concerning the allegedly false testimony could be considered claims that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of the witnesses are not cognizable in error coram nobis proceedings. *Pinder v. State*, 2015 Ark. 423, 474 S.W.3d 490 (per curiam).

Anderson contends that the State "suppressed the [t]erroristic [a]ct elements with[-]holding the true nature of the charges against [him]" resulting in a *Brady* violation. Specifically, he contends that the terroristic-act statute's language is inconsistent. He argues that section "(A)(1)" states that one commits a terroristic act when he or she "shoots at or in any manner projects an object, with the purpose to cause injury to another person or other person or damage to property, at a conveyance which is being operated or which is occupied by another person or persons" which is inconsistent with section "(A)(1)(a)," which "requires shoots at or in any manner projects an object with the purpose to cause injury to another person."

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38.

A person commits a terroristic act when, while not in the commission of a lawful act, "he or she shoots at or in any manner projects an object, with the purpose to cause injury to another person or other persons or damage to property, at a conveyance which is being operated or which is occupied by another person or persons." Ark. Code Ann. § 5-13-310(a)(1) (Repl. 2006).[2] A person also commits a terroristic act when, while not in the commission of a lawful act, "he or she shoots, with the purpose to cause injury to a person or persons or damage to property, at an occupiable structure." Ark. Code Ann. § 5-13-

---

[2]Anderson committed the terroristic acts on November 23, 2006.

310(a)(2) (Repl. 2006). Contrary to Anderson's claim, there is no subsection "(A)(1)(a)" in section 5-13-310.

Anderson's claim is not one seeking relief for a *Brady* violation. He fails to point to any evidence—material or exculpatory—that was withheld by the State or that any prejudice ensued. In fact, Anderson fails to establish the existence of any fact or evidence extrinsic to the record because any defect in the criminal information could have been discovered or raised in the trial court.[3] *Smith v. State*, 2016 Ark. 201, 491 S.W.3d 463 (per curiam). Claims that a petitioner either could have known, or knew, at the time of trial do not provide grounds for issuance of a writ of error coram nobis. *Id.* Moreover, to the extent Anderson raises a claim of statutory interpretation, again, it does not fall within the purview of a coram nobis proceeding because it is not an error found in one of the four above-referenced categories of error, i.e., insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession.[4] *Howard*, 2012 Ark. 177, 403 S.W.3d 38. None of the claims raised by Anderson demonstrate that there was some fundamental error at trial or that there existed some fact which would have prevented rendition of the judgment if it had been known to the trial court and which, through no negligence or fault of his own, was not brought forward before rendition of

---

[3]In his Rule 37.1 appeal, Anderson argued that trial counsel was ineffective for failing to challenge the criminal information charging him with multiple counts of a terroristic act in violation of Arkansas Code Annotated section 5-13-310, contending the information omitted elements of the charged crime. *Anderson v. State*, 2013 Ark. 332, at 3–4 (per curiam).

[4]Although the four categories are not set in stone, the remedy of coram nobis remains an extraordinary remedy. *See Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716.

judgment.  *Newman*, 2009 Ark. 539, 354 S.W.3d 61.  Because Anderson fails to state grounds for the writ, his motion for appointment of counsel is moot.

Petition denied; motion moot.