Josephine Linker Hart, Justice, dissenting. Rl respectfully dissent from this court’s denial of Greg Hogue’s petition for writ of error coram nobis. Hogue contends that the deputy prosecutor who prosecuted him and the circuit judge who presided over his trial were in an intimate relationship during the time of his trial. Contrary to the majority’s conclusion, Hogue has raised not only a claim of prosecutorial misconduct but also a claim of judicial bias, which we have recently held falls within the purview of an error coram nobis proceeding. McArthur v. State, 2017 Ark. 120, 515 S.W.3d 585, 2017 WL 1286790 (per curiam). By engaging in a narrow, cramped reading of Hogue’s petition, the court essentially treats two judicial bias claims differently, even though both were raised in error coram nobis proceedings. Moreover, Hogue’s claim that he was tried by a circuit judge who was in an intimate relationship with the deputy prosecutor is a claim of actual bias, which is a fundamental error.[1] Chatmon v. State, 2015 Ark. 417, at 3, 473 S.W.3d 542, 545 (per curiam) (stating that a petitioner does not make the necessary showing of fundamental error to support relief when there is no demonstration of actual bias). I would consider the merits of Hogue’s judicial bias claim. . This court has discussed this relationship in other cases. See Lee v. State, 343 Ark. 702, 38 S.W.3d 334 (2001), mandate recalled, Lee v. State, 367 Ark. 84, 238 S.W.3d 52 (2006).