SLIP OPINION

Cite as 2017 Ark. 177

# SUPREME COURT OF ARKANSAS.
No. CR–81–82

| | |
|---|---|
| ROBERT R. HEFFERNAN a/k/a ROBERT RICHARD HEFFERNAN<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** May 11, 2017<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[SALINE COUNTY CIRCUIT COURT, NO. 63CR–80–41]<br><br>PETITION DENIED. |

**PER CURIAM**

Petitioner Robert R. Heffernan, also known as Robert Richard Heffernan, was convicted by a jury of capital felony murder and sentenced to life imprisonment without parole in the Arkansas Department of Correction. This court affirmed. *Heffernan v. State*, 278 Ark. 325, 645 S.W.2d 666 (1983). Now before this court is Heffernan's pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Pinder v. State*, 2015 Ark. 423, 474 S.W.3d 490 (per curiam). A writ of error coram nobis is an extraordinarily rare remedy. *Id.* at 2–3, 474

---

[1]For clerical purposes, the instant pleading was assigned the same docket number as the direct appeal of the judgment.

SLIP OPINION

S.W.3d at 492. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third–party confession to the crime during the time between conviction and appeal. *Id.*; *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 43.

When a petitioner files successive applications for coram nobis relief in this court, it is an abuse of the writ to argue the same claims that have been addressed if the petitioner does not allege new facts that are sufficient to distinguish his latest claims from the prior claims. *Wallace v. State*, 2016 Ark. 400, at 10–11, 503 S.W.3d 754, 760 (per curiam). In Heffernan's first application for coram nobis relief, he claimed he was insane and incompetent at all stages of his trial and was taking psychotropic medications; thus, he could not possess any rational understanding of the proceedings against him and was unable to assist his attorneys in his defense. *Heffernan v. State*, CR–81–82 (Ark. Feb. 22, 2007) (unpublished per curiam). Here, Heffernan raises a wholly new claim based on the holding in *Brady v. Maryland*, 373 U.S. 83 (1963), which prohibited the prosecution from

withholding material exculpatory evidence from the defense. Heffernan contends he is entitled to coram nobis relief because the prosecutor withheld a confession made by the codefendant, Michael Breault, that he killed the victim. The confession was in a letter dated November 10, 1980, and referenced in a supplemental motion for discovery and continuance filed on April 27, 1981. It was also in an affidavit by defense counsel regarding Breault's psychiatric report in which Breault allegedly made an additional admission to killing the victim.

While allegations of a *Brady* violation fall within one of the four categories of fundamental error that this court has recognized in coram nobis proceedings, the fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error coram nobis relief. *Davis v. State*, 2016 Ark. 296, at 3, 498 S.W.3d 279, 281 (per curiam). Furthermore, to merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Noble v. State*, 2014 Ark. 332, at 4, 439 S.W.3d 47, 50 (per curiam).

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Ventress v. State*, 2015 Ark. 181, 461 S.W.3d 313 (per curiam). In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38.

Before addressing the merits of Heffernan's claims for relief, a recitation of the evidence adduced at his trial is necessary. The State introduced evidence that on February 3, 1980, the victim, a fourteen-year-old girl, was abducted from a laundromat in Benton, Arkansas, and then raped and shot four times. *Heffernan*, 278 Ark. at 326, 645 S.W.2d at 666. The victim's body was discovered the next day near Benton. Heffernan, along with Breault and two women, camped at a park near Benton from February 2 to February 5, and a .357 Magnum, owned by Heffernan, was retrieved from a lake. Ballistics later demonstrated that this gun was the weapon from which the fatal bullets had been fired. Glitter and hair were found on pants in the truck driven by Heffernan and Breault that matched glitter and hair found on the clothing of the victim. Heffernan and Breault were arrested in Colorado.

To warrant coram nobis relief, the defendant must have been unaware of the fact alleged to have been unknown to the trial court at the time of trial, and he could not have discovered the fact with the exercise of due diligence. *Stenhouse v. State*, 2016 Ark. 295, at 7–8, 497 S.W.3d 679, 684 (per curiam). Moreover, the court is not required to accept at

face value the allegations of the petition. *Chatmon v. State*, 2015 Ark. 417, at 2, 473 S.W.3d 542, 544 (per curiam). Heffernan fails to establish a *Brady* violation because he alleges evidence was withheld by the prosecutor at the time of trial; however, Heffernan's own petition makes reference to the fact that the November 10, 1980 letter "was never given" to his counsel but then alleges that "how they got a copy of this letter . . . is unknown[]" and that his counsel was aware "that Breault's confession did exculpate petitioner, and said, he did kill [the victim]."

Even if the letter had been exculpatory, the issue of the discovery of the November 10, 1980 letter was addressed on direct appeal. *See Heffernan*, 278 Ark. at 328–29, 645 S.W.2d at 667–68. Heffernan argued that the State, in violation of a request for discovery, did not furnish the defense with a copy of the letter. The State argued that its entire file, including the letter, had been made available to the defense in compliance with the discovery request, and Heffernan's counsel acknowledged as much. In fact, Heffernan's counsel filed a petition for writ of prohibition in this court on April 27, 1981, the date of trial, and attached a copy of the November 10, 1980 letter, which "verifies the statement that [defense counsel] had discovered the letter in his files prior to trial." *Heffernan*, 278 Ark. at 328, 645 S.W.2d at 668. Heffernan fails to point to any evidence that was withheld by the State that was unknown to the defense or that any prejudice ensued. *See Anderson v. State*, 2017 Ark. 44, at 6, 510 S.W.3d 755 (per curiam). Because the petition does not demonstrate a fundamental error of fact extrinsic to the record, the allegations advanced by Heffernan do not warrant reinvesting jurisdiction in the trial court to consider a coram nobis petition. *Id.*

In addition, Heffernan has failed to exercise due diligence in bringing this coram nobis petition. We have consistently held that due diligence is required in making application for coram nobis relief, and in the absence of a valid excuse for delay, the petition can be denied on that basis alone. *Ratchford v. State*, 2015 Ark. 309, 468 S.W.3d 274 (per curiam). This court will itself examine the diligence requirement and deny a petition where it is evident that a petitioner failed to proceed diligently. *Roberts v. State*, 2013 Ark. 56, at 12, 425 S.W.3d 771, 778. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Grant v. State*, 2016 Ark. 82, at 6, 484 S.W.3d 272, 276 (per curiam). The judgment in Heffernan's case was affirmed in 1983; yet, he did not bring his petition for more than thirty-four years, and he has not shown in his petition that he exercised due diligence in raising his claims for coram nobis relief.

Petition denied.