Cite as 2024 Ark. 129

# SUPREME COURT OF ARKANSAS
No. CV-23-845

| | |
|---|---|
| MYRON ANDERSON | **Opinion Delivered:** September 19, 2024 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | LINCOLN COUNTY CIRCUIT COURT |
| | [NO. 35CV-23-693] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

In 2007, Myron Anderson was found guilty of five counts of committing a terroristic act and one count of being a felon in possession of a firearm. The jury imposed an aggregate sentence of 1320 months' imprisonment. The Arkansas Court of Appeals affirmed.[1] Anderson now appeals the denial and dismissal of his petition for writ of habeas corpus filed in the county of his incarceration pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Anderson's habeas petition asserted claims that his conviction was invalid because he was convicted under an incorrect version of Arkansas Code Annotated section 5-3-310(a)(2) (Repl. 2006). Specifically, he claims the trial court and the prosecutor lacked the authority and jurisdiction to modify the 2005 hard-copy version of the terroristic-act statute by removing the language "at an occupiable structure" from

---

[1]*Anderson v. State*, CR-08-458 (Ark. App. Jan. 28, 2009) (unpublished) (original docket no. CACR 08-458).

subdivision (a)(2). The circuit court found that Anderson failed to show that the trial court lacked jurisdiction or that the commitment order is invalid on its face. We agree.

## I. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause.[2] Jurisdiction is the power of the court to hear and determine the subject matter in controversy.[3] When the trial court has personal jurisdiction over the appellant and the subject matter of the case, the court has authority to render the judgment.[4] A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides.[5]

Under the statute, a petitioner for the writ who does not allege his or her actual innocence must plead either the facial invalidity of the judgment or the trial court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause that he or she is being illegally detained.[6] Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity

---

[2]*Hutcherson v. Payne*, 2022 Ark. 127, 644 S.W.3d 415.

[3]*Id.*

[4]*Id.*

[5]*Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

[6]*Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)).

of the judgment is limited to the face of the commitment order.[7]  Unless the petitioner can

show that the trial court lacked jurisdiction or that the commitment order was invalid on

its face, there is no basis for a finding that a writ of habeas corpus should issue.[8]  In habeas

proceedings, an illegal sentence is one that exceeds the statutory maximum sentence.[9]

## II.  *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless

it is clearly erroneous.[10]  A decision is clearly erroneous when, although there is evidence

to support it, the appellate court, after reviewing the entire evidence, is left with the definite

and firm conviction that a mistake has been made.[11]

## III.  *Claims for Relief*

On appeal, as he did below, Anderson argues that removing the language "at an

occupiable structure" from Arkansas Code Annotated section 5-13-310(a)(2) changed the

meaning of the terroristic-act statute.[12]  Specifically, Anderson claims the prosecutor

---

[7] *Id.*

[8] *Id.*

[9] *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

[10] *Lowery v. Payne*, 2023 Ark. 85, 665 S.W.3d 223.

[11] *Id.*

[12]Anderson has previously argued that section 5-13-310 is inconsistent and that he was not made aware that the offense be committed against an occupant of an occupiable structure.  *See Anderson v. State*, 2017 Ark. 357, 533 S.W.3d 64 (per curiam).  A similar claim was raised and rejected in a proceeding brought by Anderson's brother and codefendant, Michael.  *See Anderson v. State*, 2013 Ark. 332 (per curiam).  Anderson had

changed the jury instructions given at trial by removing the language "at an occupiable structure" when that language was not removed from the statute, rendering his conviction invalid.[13] Assertions of error concerning jury instructions are allegations of trial error that are not cognizable in a habeas proceeding.[14] If there were errors at trial, those errors could, and should, have been raised at trial and on the record on direct appeal and are thus not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred at trial.[15]

Moreover, to the extent Anderson attempts to couch his claim for habeas relief as one involving statutory interpretation, his argument is nothing more than a challenge to the sufficiency of the evidence. Anderson argues that the court should have interpreted Arkansas Code Annotated section 5-13-310(a)(2), the statute under which he and his brother were charged and convicted, instead of erring in its interpretation of subdivision

---

raised a related "statutory" argument in a prior, unrelated appeal. *See Anderson v. State*, 2017 Ark. 44, 510 S.W.3d 755 (per curiam).

[13]Anderson's brother raised a similar claim in a Rule 37.1 appeal in which he argued that counsel was ineffective because counsel failed to challenge jury instructions on the basis that the instructions did not follow the electronic version of section 5-13-310, thereby depriving him of a jury trial as to each element of a terroristic act. *See Anderson*, 2013 Ark. 332. This court determined that the instructions tracked the elements of a terroristic act as set out in the hard-copy version of section 5-13-310 in effect when Anderson's brother committed the crimes. *See id.*

[14]*Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136.

[15]*Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44.

(a)(1) in his brother's case.[16]  Claims for habeas relief that are conclusory in nature do not demonstrate a basis for the writ to issue.[17]  Anderson's claim is conclusory and vague and, if nothing else, references Michael's Rule 37.1 appeal as the basis for his claim of trial error. Yet habeas corpus will not be issued to correct errors or irregularities that occurred at trial.[18] Likewise, habeas action does not afford a petitioner the opportunity to retry his or her case, much less another petitioner's case.[19]

Affirmed.

*Myron Anderson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[16]Although Anderson's argument on appeal references the Arkansas Court of Appeals, his citation is to *Anderson*, 2013 Ark. 332, his brother's Rule 37.1 appeal, which was decided by this court.

[17]*Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100.

[18]*Stephenson*, 2018 Ark. 143, 544 S.W.3d 44.

[19]*See Hill v. Kelley*, 2022 Ark. 3.