SLIP OPINION

Cite as 2015 Ark. 69

# SUPREME COURT OF ARKANSAS
No. CR–13–598

|  |  |
|---|---|
| MARION GENE WESTERMAN<br><div align="right">APPELLANT</div> | **Opinion Delivered** February 26, 2015 <br><br> APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CR–2000–153] |
| V. |  |
|  | HONORABLE JOHN DAN KEMP, JUDGE |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | <u>AFFIRMED</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

On September 10, 2001, appellant, Marion Gene Westerman, entered a guilty plea to one count of rape, and he was sentenced to life imprisonment. On April 1, 2013, Westerman filed a petition for writ of error coram nobis in which he argued that he was entitled to the writ because he was insane at the time he entered his guilty plea and because his guilty plea was coerced. Without conducting a hearing, the circuit court denied the petition and Westerman's motion for reconsideration. Westerman timely appealed. On appeal, Westerman argues that the circuit court abused its discretion by not conducting a hearing on his petition. We affirm the circuit court's decision.

On October 19, 2000, the State charged Westerman by information with six counts of rape. The victim in each count was his stepdaughter. DNA evidence confirmed that his stepdaughter had given birth to his child. At defense counsel's request, the court ordered Westerman to undergo a mental-health evaluation and committed him to the Arkansas State

SLIP OPINION

Hospital for a period not to exceed thirty days. The State Hospital, however, conducted an outpatient evaluation. Westerman was diagnosed as having cocaine and amphetamine dependence in a controlled environment and antisocial personality traits. The report further indicated that Westerman appeared to be aware of the nature of his charges and the proceedings taken against him; that he was capable of cooperating effectively with his attorney in the preparation of the case; and that at the time of the commission of the alleged offense, he did not lack the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. The court entered an order stating that Westerman was competent to proceed at trial and had the ability to assist in the preparation and conduct of his own defense. At a later hearing, defense counsel noted that the State Hospital had conducted an outpatient, rather than an inpatient, evaluation that was ordered by the court. He concluded, however, that he did not "think in this case it's going to make any kind of difference based on the information that they did use we've received."

On September 10, 2001, Westerman pleaded guilty to one count of rape. The State agreed to enter a nolle prosequi of the five remaining rape counts with the understanding that the counts would not be refiled as long as Westerman cooperated in the prosecution of his wife. Westerman stated that he was forty-five years old, held a GED, and had taken some college hours. Westerman admitted that he understood the plea documents, the proceedings taking place, and the charge of rape and its sentencing range of ten-to-forty years or life imprisonment. He further stated that there was nothing that prevented him from understanding the proceedings and that no one had applied any kind of force or pressure or threatened him.

SLIP OPINION

The court found that Westerman had voluntarily, knowingly, and intelligently entered a guilty plea and understood the consequences of the plea. The court asked Westerman if he understood that the sentencing recommendation was that he serve a sentence of life imprisonment, and Westerman replied in the affirmative. The court accepted the guilty plea and the sentencing recommendation.

On April 1, 2013, Westerman filed a pro se petition for writ of error coram nobis. In it, he alleged that he suffered from insanity at the time of the guilty plea and that his guilty plea was coerced. On his claim of insanity, he noted that he did not receive a thirty-day, inpatient evaluation. On his claim of coercion, he alleged that his counsel had coerced him into pleading guilty with the threat that the State could seek additional life sentences. In its order denying the petition, the circuit court found that Westerman had not provided a factual basis to warrant relief. The court observed that the issue of Westerman's sanity had been addressed by the sentencing court and thus was not hidden or unknown to the sentencing court. The court further found that though Westerman had argued in his petition that his guilty plea was the result of the threat of receiving additional life sentences, his guilty plea was not coerced because a plea of guilty induced by the possibility of a more severe sentence does not amount to coercion. Westerman filed a motion for reconsideration, which the circuit court also denied, and Westerman timely appealed.

On appeal, Westerman again asserts that he was insane at the time of the guilty plea and that his guilty plea was coerced. Westerman argues that he made a "prima facie case" that would justify the issuance of the writ and that the circuit court should have held a hearing to

SLIP OPINION

determine whether Westerman could have proved the allegations. Westerman notes that he did not receive the thirty-day, inpatient evaluation ordered by the sentencing court and that this deficiency was not addressed by the sentencing court. Westerman further notes that he accepted a plea to one count of rape in exchange for the maximum life sentence, which would have been the worst possible outcome even if he had proceeded to trial. He observes that, even if he had faced additional life sentences at trial, a person can only serve one life sentence. He asserts that the acceptance of this plea resulted from either insanity or coercion and that the sentencing court should have explored why he was pleading to the maximum sentence. He contends further that it should have been evident to the sentencing court that he was confused about the amount of time he would serve on a life sentence and that the court should have questioned the validity of the plea.

Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, at 10, 425 S.W.3d 771, 777. The purpose of the writ of error coram nobis is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Nelson v. State*, 2014 Ark. 91, at 3, 431 S.W.3d 852, 854. The writ is available to address insanity at the time of trial and a coerced guilty plea, *Id.*, 431 S.W.3d at 854. When a petition for writ of error coram nobis is filed directly in the circuit court, a hearing is not required if the petition clearly has no merit, either because it fails to state a cognizable claim to support issuance of the writ, or because it is clear from the petition that

SLIP OPINION

the petitioner did not act with due diligence. *Id.* at 4, 431 S.W.3d at 855. Here, we address whether the circuit court abused its discretion in denying the writ. *Id.* at 3–4, 431 S.W.3d at 854.

In considering his arguments on appeal relating to his insanity claim, we note that the sentencing court had before it the issue of whether Westerman was competent to stand trial and that the court entered an order finding him competent. Given that this matter was considered by the sentencing court, Westerman has not shown that there existed some fact—insanity at the time of the guilty plea—that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *See Ridgeway v State*, 239 Ark 377, 389 SW2d 617, *cert. denied*, 382 U.S. 902 (1965) (stating that the sending of the petitioner to the state hospital and the examination of him by hospital officials, which was reported to the circuit court, showed that any possible claim of the petitioner's sanity was before the circuit court and could not later be considered on a petition for writ of error coram nobis).

As for his claim that his plea was coerced, Westerman asserts in his brief that he was confused about the extent of time that he would serve and observes that his sentence would not have been greater had he gone to trial. In his brief, however, Westerman does not allege that he suffered any specific mistreatment or that his guilty plea was the result of fear, duress, or threats of mob violence, which would raise a cognizable claim that he was coerced into appearing before the court and entering a guilty plea. *Nelson*, 2014 Ark. 91, at 4, 431 S.W.3d at 855. Westerman asserted in his petition before the circuit court that his guilty plea was

coerced because his counsel threatened that the State could seek additional life sentences. Though couched in terms of a coerced guilty plea, this assertion—coupled with his claim that he was confused about the amount of time he would serve and that he would not have been worse off if he had gone to trial—is actually a claim of ineffective assistance of counsel. *Id*. at 5–6, 431 S.W.3d at 855–56. Claims of ineffective assistance of counsel are not cognizable in error coram nobis proceedings. *Id.*, 431 S.W.3d at 855-56. Accordingly, we hold that the circuit court did not abuse its discretion in denying his petition.

As a final matter, the State notes that Westerman filed his petition for writ of error coram nobis over eleven years after he had entered his negotiated guilty plea. The State argues that Westerman did not act with due diligence in seeking relief, and thus his petition should be denied on that basis as well. Due diligence is required in making an application for relief. *Echols v. State*, 354 Ark. 414, 419, 125 S.W.3d 153, 157 (2003). However, because Westerman's petition did not state a cognizable basis on which error coram nobis could issue, we need not address whether Westerman acted with due diligence. *Nelson*, 2014 Ark. 91, at 6 n.3, 431 S.W.3d at 856 n.3.

Affirmed.

*Stuart Vess*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.