SLIP OPINION



Cite as 2015 Ark. 425

# SUPREME COURT OF ARKANSAS

No. CR-15-719

| | |
|---|---|
| | **Opinion Delivered** November 12, 2015 |
| DUANE JEFFERSON GONDER<br>PETITIONER | PRO SE PETITIONS FOR WRIT OF MANDAMUS, TO SUPPLEMENT PETITION FOR WRIT OF MANDAMUS, AND TO HOLD CIRCUIT COURT PROCEEDINGS IN ABEYANCE<br>[DREW COUNTY CIRCUIT COURT, NO. 22CR-09-99] |
| V. | |
| HON. DON GLOVER, CIRCUIT JUDGE<br>RESPONDENT | PETITIONS FOR WRIT OF MANDAMUS AND TO SUPPLEMENT THE PETITION DENIED; PETITION TO HOLD CIRCUIT COURT PROCEEDINGS IN ABEYANCE MOOT. |

**PER CURIAM**

In 2010, petitioner Duane Jefferson Gonder entered a negotiated plea of guilty to charges in two criminal cases in Drew County Circuit Court. On July 23, 2015, Gonder filed an amended petition for writ of error coram nobis in the same court in which he sought to amend a previously filed petition for the writ that challenged the convictions in one of the two cases.[1] He also requested appointment of counsel and a hearing.

On September 8, 2015, Gonder filed the first of three pro se petitions in this court. In

---

[1]A single judgment was entered for three charges in the two cases. Gonder discussed the separate charge in CR-10-53 as if he also challenged it. The record before us, however, does not indicate that the amended petition was ever entered in that case, and the amended petition does not reference the case number.

the first petition, Gonder requested that we issue a writ of mandamus to compel the Honorable Don Glover, Circuit Judge, to conduct a hearing on the amended petition for writ of error coram nobis that Gonder had filed in circuit court. Gonder later filed another petition in this court in which he sought to supplement his petition for the writ of mandamus. In addition, Gonder filed a third petition requesting that this court order the circuit court proceedings be held in abeyance. We deny both the petition for the writ of mandamus and the petition to supplement it. The petition seeking a stay of the lower court proceedings is therefore moot.

The primary function of the writ of mandamus is to require an inferior court or tribunal to act when it has improperly failed or declined to do so, and the writ is not applied to control the discretion of a trial court or tribunal or to correct an erroneous exercise of discretion. *Friar v. Erwin*, 2014 Ark. 487, 450 S.W.3d 666. This court has often held that mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902.

The writ is appropriate when the following three factors are established: (1) the duty to be compelled is ministerial and not discretionary; (2) the petitioner has shown a clear and certain right to the relief sought; and (3) the absence of any other adequate remedy. *Id.* As an applicant for an extraordinary writ, Gonder carries the burden to demonstrate that the relief he seeks is merited. *Lonoke Cnty. v. City of Lonoke*, 2013 Ark. 465, 430 S.W.3d 669. He has failed in both his original petition for the writ of mandamus and the petition in which he seeks to supplement it to satisfy these factors to demonstrate that the writ is merited.

In the petition for writ of mandamus, Gonder alleges that a hearing on his coram-nobis petition was necessary because he presented meritorious issues that should be resolved with an evidentiary hearing. In his petition to supplement the mandamus petition, Gonder asserts that he filed a motion that sought to have an August 24, 2015 order modified and that he again sought a hearing on certain issues raised in his coram-nobis petition.

When a coram-nobis petition is filed directly in the circuit court, a hearing is not required if the petition clearly has no merit, and the issue of whether the circuit court abused its discretion in that regard is one that this court may address on appeal from the order. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. Gonder has failed to show that granting a hearing is a ministerial duty that Judge Glover has failed to perform or the absence of another remedy. Gonder therefore fails to present an issue that satisfies the factors necessary for issuance of a writ of mandamus.

Petitions for writ of mandamus and to supplement the petition denied; petition to hold circuit court proceedings in abeyance moot.