

Cite as 2016 Ark. 129

# SUPREME COURT OF ARKANSAS
No. CR-00-210

| | | |
|---|---|---|
| RUSSELL J. BERGER | | **Opinion Delivered** March 17, 2016 |
| | APPELLANT | |
| | | PRO SE PETITION TO REINVEST |
| V. | | JURISDICTION IN THE TRIAL COURT |
| | | TO CONSIDER A PETITION FOR WRIT |
| | | OF ERROR CORAM NOBIS; MOTION |
| STATE OF ARKANSAS | | TO SUBPOENA TRANSCRIPT; MOTION |
| | | TO SUPPLEMENT INFORMATION |
| | APPELLEE | PROVIDED IN CORAM NOBIS |
| | | PETITION |
| | | [FAULKNER COUNTY CIRCUIT |
| | | COURT, NO. 23CR-98-499] |
| | | |
| | | PETITION DENIED MOTIONS MOOT. |

**PER CURIAM**

Petitioner, Russell J. Berger, was found guilty by a jury of two counts of rape of a five-year-old boy, D.C., and was sentenced to two consecutive terms of life imprisonment. Berger's conviction and sentences were affirmed on direct appeal by this court. *Berger v. State*, 343 Ark. 413, 36 S.W.3d 286 (2001). Berger filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1999), which was denied by the trial court. On appeal, this court remanded the matter to the trial court for the limited purpose of obtaining from the trial court written findings of fact and conclusions of law pursuant to Rule 37.3. *Berger v. State*, CR–02–350 (Ark. Feb. 28, 2003) (unpublished per curiam). On remand, the trial court entered findings and conclusions in accordance with our order and denied relief. We affirmed. *Berger v. State*, CR–02–350 (Ark. Feb. 12, 2004) (unpublished per curiam).

Now before us is a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, together with a pro se motion to subpoena the transcript of the proceedings in a separate custody action because it contains testimony from the victim, D.C., and a motion to supplement information provided in the petition with the transcribed testimony from the custody action. For the reasons stated below, the petition is denied and the motions are moot.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, at 5, 354 S.W.3d 61, 65. In making a determination to grant such leave, we look to the reasonableness of the allegations in the petition and to the existence of the probability of the truth thereof. *Howard v. State*, 2012 Ark. 177, at 5, 403 S.W.3d 38, 43. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 406, 17 S.W.3d 87, 93 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, at 4–5, 354 S.W.3d at 65. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 777.

SLIP OPINION

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard*, 2012 Ark. 177, at 4, 403 S.W.3d at 43.

In support of his petition for relief, Berger cites *Brady v. Maryland*, 373 U.S. 83 (1963), and asserts that authorities withheld evidence that D.C.'s uncle, Daniel Coker, had also been implicated in the sexual abuse of D.C. According to Berger, in September 2015, he was contacted by a reporter for an online newspaper, the Log Cabin Democrat. The reporter sent Berger a copy of an article published by that newspaper which recounted an ongoing custody battle that arose when allegations emerged that Daniel Coker had sexually abused his own children. It was during the course of the custody hearings that additional allegations surfaced that Daniel Coker had a history of abusing his nephew, D.C. Berger attaches the article to his petition as Exhibit A.

Berger points to the following facts chronicled in Exhibit A as a basis for his request for coram-nobis relief: (1) that D.C. testified in a 2013 custody hearing that Daniel Coker had abused him at the same time he had been abused by Berger; (2) that Daniel Coker's sister—D.C.'s mother— Ronna Coker, testified that her son, D.C., disclosed Daniel Coker's abuse to investigators in 1998; (3) that Ronna Coker dismissed D.C.'s accusation against his uncle because she believed that D.C. was merely transferring to Daniel Coker what had been done to him by Berger; (4) that D.C. told his babysitter, Crystal Ferguson,

that both Berger and Daniel Coker had been sexually abusing him; (5) that Crystal Ferguson testified in the 2013 custody hearing that she reported D.C.'s allegations regarding his uncle's abuse to the Arkansas State Police and to DHS.

There are three elements necessary to establish a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Howard*, 2012 Ark. 177, at 8, 403 S.W.3d at 44. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Newman*, 2009 Ark. 539, at 13–14, 354 S.W.3d at 69. The rule set out in *Brady* also pertains to evidence known only to police investigators and not to the prosecutor. *Id*. Thus, in order to comply with the standard set forth in *Brady*, a prosecutor has a duty to discover any favorable evidence that is known to individuals who are acting on behalf of the State. *Id*. When determining whether a *Brady* violation has occurred, it must first be established that the material was available to the State prior to trial and the defense did not have it. *Cloird v. State*, 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004).

In support of his contention that police and other authorities were aware of D.C.'s additional allegation of sexual abuse, Berger relies on information contained in Exhibit A which recounts testimony provided by D.C. and Ferguson in 2013 that Coker's sexual abuse was reported to investigators at the same time Berger's abuse was reported. However, this testimony was based on recollections of events that had taken place ten years earlier. According to information set forth in Exhibit A, a written statement provided by Crystal

Ferguson to police in 1998 made no mention of Daniel Coker.  Moreover, in the previous

petition Berger filed pursuant to Rule 37.1, he alleged that counsel was ineffective for failing

to "present sexual abuse history of the relatives of the alleged victim."[1]  This prior allegation

contradicts Berger's current allegation that he was unaware that D.C. had made similar

allegations with respect to other individuals.

Even if Berger's allegations had sufficiently demonstrated that evidence was withheld,

he fails to establish that such evidence was favorable to him; that it would have been

admissible at trial; or that its disclosure would have changed the trial's outcome. Evidence

that D.C. implicated Daniel Coker as well as Berger is neither exculpatory nor favorable.

The 2013 testimony of D.C. and Ferguson does not exonerate Berger, but reaffirms that

D.C. was sexually abused by Berger.  Berger fails to explain how evidence that D.C. also

reported having been molested by his uncle would have had an impact on a determination

of Berger's guilt.

Berger's contention that evidence of D.C.'s accusations against his uncle would have

undermined the credibility of D.C.'s testimony is without merit.  First, such evidence

cannot be admitted to impeach the credibility of a rape victim, especially if the victim is a

minor.  The admissibility of evidence that D.C. accused his uncle of rape is governed by

the rape-shield statute, Ark. Code Ann. § 16-42-101(b) (Repl. 1994), which states in

pertinent part that evidence of a victim's prior allegations of sexual conduct with any other

---

[1]The allegation that was made by Berger in his petition for postconviction relief was not raised on appeal from the postconviction order.  Therefore, this court considered this ineffective-assistance-of-counsel claim to have been abandoned, and it was not addressed on appeal.  *See Berger*, CR–02–254 (Ark. Feb. 28, 2003)(unpublished per curiam).

person, which the victim asserts to be true, is not admissible by the defendant to attack the credibility of the victim or for any other purpose. Neither Berger's assertions nor the information contained in Exhibit A establish that D.C.'s allegation of sexual conduct with another person constituted relevant evidence that outweighed the prohibition mandated by the rape-shield statute. Second, allegations involving the sexual abuse of a minor by individuals other than the defendant has no bearing on a defendant's guilt or innocence. This court has stated that when consent is not an issue, whether the victim had sexual relations with a third person is entirely collateral, and therefore is not relevant. *See, e.g.*, *State v. Townsend*, 366 Ark. 152, 155-57, 233 S.W.3d 680, 683-84 (2006). In cases involving the rape of a minor, this court has uniformly and consistently excluded evidence of the minor's prior sexual activity, because in those cases the only two issues to be determined are the fact of the occurrence of the prohibited activity and the age of the minor. *Id.*

As stated above, coram-nobis relief is attended by a strong presumption that the judgment of conviction is valid. *Westerman*, 2015 Ark. 69, at 4, 456 S.W.3d at 376. Berger's allegations are insufficient to demonstrate that material evidence known to authorities was withheld from the defense; therefore, he does not overcome the strong presumption that his conviction was valid. Berger does not assert a ground sufficient to entitle him to the extraordinarily rare remedy of coram-nobis relief. *Larimore*, 341 Ark. 397, 17 S.W.3d 87. Because Berger has failed to establish that he is entitled to relief, his motions to subpoena transcripts and to supplement his petition are moot.

Petition denied; motions moot.