SLIP OPINION

# SUPREME COURT OF ARKANSAS.

No. CR–09-831

|  |  |
|---|---|
| BENJAMIN CARTER, JR.<br><br>                           PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                           RESPONDENT | **Opinion Delivered** December 8, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[UNION COUNTY CIRCUIT COURT, NO. 70CR-08-482]<br><br><u>PETITION DENIED</u>. |

**PER CURIAM**

In 2008, Benjamin Carter, Jr., was found guilty by a jury of possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, possession of drug paraphernalia, simultaneous possession of drugs and a firearm, and maintaining a drug premises located in El Dorado. He was sentenced to a term of life imprisonment and a $25,000 fine on the cocaine-possession charge, 240 months' imprisonment and a $25,000 fine on the marijuana-possession charge, 480 months' imprisonment on the simultaneous-possession charge, 240 months' imprisonment and a $10,000 fine on the paraphernalia charge, and 144 months' imprisonment and a $10,000 fine on the drug-premises charge. The sentences were ordered to be served consecutively. This court affirmed. *Carter v. State*, 2010 Ark. 293, 367 S.W.3d 544.

Carter subsequently proceeded in the trial court with a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008) in which he contended that his trial counsel was ineffective. The petition was denied, and this court dismissed an

appeal from the order brought by Carter on the ground that the claims raised were conclusory in nature and did not warrant relief under the Rule. *Carter v. State*, 2011 Ark. 226 (per curiam).

Now before us is Carter's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between

conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. These categories, however, are not absolute and may be expanded when there is a showing of a procedural gap whereby a petitioner in a particular case would be denied due process of law if a coram-nobis proceeding were not allowed to fill the void. *See Strawhacker v. State*, 2016 Ark. 348; *see also Pitts v. State*, 2016 Ark. 345.

As grounds for the writ, Carter asserts that the State violated his right to due process of law pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), by concealing that it had induced Robert Moore to testify falsely against Carter by threatening Moore that Moore would be sent to prison for life if he did not "implicate Benjamin Carter as a drug dealer and drug kingpin." Carter has appended to his petition Moore's affidavit in which Moore avers that he was pressed by the State to testify untruthfully that drugs found in his possession were obtained from Carter. He further avows that, after he had given the false testimony at Carter's 2008 trial, he informed Carter's mother in 2009 that Carter, contrary to Moore's trial testimony, had not been in possession of drugs. Moore further states that he and Carter's mother and sister visited the attorney who represented Carter on direct appeal and provided the information to the attorney and were told that his having given false testimony would not be "relevant" to the direct appeal. Carter contends that his mother never mentioned Moore's statement to him and that he learned of Moore's recantation of his trial testimony approximately six years after Moore informed his mother that Moore had committed perjury.[1] Carter offers no further evidence to support Moore's statement that Moore was

---

[1] Carter attributes his decision to file a coram-nobis proceeding in this court to federal court opinion rendered on January 21, 2016, in the United States District Court for the Western

induced by the State to give false testimony, and the lack of factual support for a claim in a coram-nobis petition is, in itself, cause to decline to issue the writ. *See Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). A court considering a claim of a *Brady* violation in a coram-nobis petition is not required to take the petitioner's allegations at face value without substantiation. *Thacker v. State*, 2016 Ark. 350.

There are three elements necessary to establish a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Howard v. State*, 2012 Ark. 177, at 8, 403 S.W.3d at 44. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Newman*, 2009 Ark. 539, at 13-14, 354 S.W.3d at 69. When determining whether a *Brady* violation has occurred, it must first be established by the petitioner that the material was available to the State prior to trial and the defense did not have it. *Cloird* v. State, 357 Ark.

---

District of Arkansas, in *Carter v. Hobbs*, 2016 WL 264941, that denied his petition for writ of habeas corpus. In the habeas petition, Carter contended that the State acted wrongly by threatening witnesses with harsh sentences to induce their cooperation with the State in building a case against him. To substantiate his claim, Carter produced the affidavits of three people, Michael Hunter, Markesia Faison, and Rolanda Loggins, who each averred that it was Hunter who was the drug dealer rather than Carter. The habeas petition was denied. The magistrate noted that Carter knew of the three people on the day of his arrest; and, moreover, there was ample evidence of Carter's guilt introduced at trial to sustain his conviction such that it could not be said that no reasonable juror would have reached a different conclusion regarding his guilt if the information in the three affidavits had been brought out at trial.

446, 452, 182 S.W.3d 477, 480 (2004); *see also Berger v. State*, 2016 Ark. 129, 4, 487 S.W.3d 815, 818 (per curiam).

If Moore's affidavit is considered as a recantation his trial testimony, it is well settled that a claim of recanted testimony, standing alone, is not cognizable in an error-coram-nobis proceeding. *Stenhouse v. State*, 2016 Ark. 295, at 4 (per curiam); *see also Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime). This is so because a writ of error coram nobis may not be used to contradict any fact already adjudicated. *Smith*, 200 Ark. 767, 768, 140 S.W.2d 675, 676. As stated, Carter couches his claim concerning Moore as a *Brady* violation rather than a claim of recanted testimony by alleging that the defense was not aware at the time of trial that Moore had been induced by the State to testify falsely.

Carter's assertion fails as a *Brady* violation because, when the totality of the evidence is considered, Carter has not shown that the outcome of the trial would have been different had the defense known at the time of trial about Moore's allegation of coercion by the State. Carter has failed to assert any facts to give rise to the type of fundamental error required for issuance of the writ. There is a distinction between fundamental error which requires issuance of the writ and newly discovered information which might have created an issue to be raised at trial had it been known. *Jackson v. State*, 2010 Ark. 81, at 4 (per curiam); *see also Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

In view of the testimony and evidence adduced against Carter at trial, Carter has not established that the jury would have reached a different verdict had the defense challenged

Moore's inculpatory testimony as having been coerced by the State. In a coram-nobis proceeding, the court must weigh the significance of the information that was alleged to have been concealed from the defense against the totality of the evidence to determine if the hidden information or evidence at issue would have been such as to have prevented rendition of the judgment had the existence of that material been known at the time of trial. *See Smith v. State*, 2015 Ark. 188, at 5-6, 461 S.W.3d 345, 350 (per curiam); *see also Goff v. State*, 2012 Ark. 68, 398 S.W.3d 896 (per curiam). We consider the cumulative effect of the allegedly concealed information or evidence to determine whether what was alleged to have been hidden was material to the guilt or punishment of the defendant. *Id.; see also Lamar v. State*, 2014 Ark. 245 (per curiam). We need not reiterate the discussion in our opinion on direct appeal that concluded that there was substantial evidence to support the judgment. It will suffice to say that the contents of Moore's affidavit, even if Carter had offered any factual substantiation for its truth, would not have demonstrated a *Brady* violation that warrants issuance of a writ of error coram nobis.

 Petition denied.