SLIP OPINION

Cite as 2017 Ark. 328
# SUPREME COURT OF ARKANSAS.
No. CR-10-1333

| | |
|---|---|
| JAMES RAY THOMPSON<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 30, 2017<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE MOTION FOR LEAVE TO REPLY TO STATE'S RESPONSE<br>[MILLER COUNTY CIRCUIT COURT NO. 46CR-10-97]<br><br><br>PETITION DENIED; MOTION DENIED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Pending before this court is petitioner James Ray Thompson's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis and a pro se motion to reply to the State's response to his coram nobis petition. Thompson's primary claim for coram nobis relief is based on an allegation that the prosecutor withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The material evidence that Thompson asserts was withheld consisted of a recording of the victim's call to a 911 dispatcher wherein she stated that someone "tried" to rape her, which Thompson maintains is exculpatory and impeaching.[1] Thompson contends that a copy of the audio

---

[1] Thompson also alleges that the state withheld pages thirty-nine and forty of a seventy-four page investigative case file introduced into evidence during a pretrial hearing

recording of the victim's call to 911 was not disclosed in pretrial discovery, nor was a transcript of that recording produced either before or during the trial. We find from a review of the trial record that Thompson failed to demonstrate a fundamental error extrinsic to the record that would have prevented rendition of the judgment; therefore, we deny both the petition and his pro se motion to file a reply to the State's response.

A jury convicted Thompson of two counts of rape, and he was sentenced to two ten-year consecutive terms of imprisonment. The Arkansas Court of Appeals affirmed the convictions and sentences. *Thompson v. State*, 2011 Ark. App. 605.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*,

---

conducted on June 15, 2010, and speculates that these two pages likely contained a transcript of the victim's 911 call. A review of the record demonstrates that the allegedly withheld evidence consisting of pages thirty-nine and forty of the investigative file were included as exhibit two in a subsequent pretrial hearing conducted on August 20, 2010. Page thirty-nine is a waiver of rights form signed by Thompson and page forty is a consent to search form also signed by Thompson.

2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

A review of the trial transcript reveals that the prosecutor played the entire recording of the victim's 911call at Thompson's trial.[2] Moreover, the audio recording was admitted into evidence and remains in the record lodged on direct appeal. Based on the trial record, the jury heard and considered the victim's statements to the 911 dispatcher before rendering its guilty verdict. Furthermore, the recording itself reveals that, while the victim initially stated that Thompson tried to rape her outside her apartment, when asked by the dispatcher if the assailant had raped her, she answered "yes," and explained that she had been raped inside her apartment. The victim's statement to the dispatcher was entirely consistent with her trial testimony, wherein she described being confronted by Thompson outside her

---

[2] The contents of the recording had not been transcribed into the record, but it is noted in the record that a portion of the recording was played to lay a proper foundation for its admission into evidence after which the "remainder of the CD was played in open court."

3

apartment, and when she resisted his advances, Thompson threatened her at gunpoint, forced her inside her apartment, and raped her.[3]

To warrant coram nobis relief, Thompson has the burden of demonstrating a fundamental error extrinsic to the record that would have prevented rendition of the judgment had it been known and, through no fault of Thompson's, was not brought forward before rendition of judgment. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. Moreover, the fact that a petitioner merely alleges a *Brady* violation is not sufficient to provide a basis for error coram nobis relief. *See Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (stating that a mere naked allegation that a constitutional right has been invaded will not suffice to warrant coram nobis relief). To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Howard*, 2012 Ark. 177, 403 S.W.3d 38.

Thompson fails to allege sufficient facts to establish an essential element warranting coram nobis relief in that the victim's recorded statement was not extrinsic to the record and did not prevent the rendition of the verdict. *Roberts*, 2013 Ark. 56, at 11, 425 S.W.3d at 778. If, during his trial, Thompson was unaware of the victim's allegedly inconsistent statement, it was the result of his own inadvertence. For the same reasons, Thompson fails to state sufficient facts to establish a meritorious *Brady* claim because the victim's statement

---

[3] In addition to the victim's testimony, the evidence adduced at Thompson's trial included Thompson's statements to investigators admitting to the crimes and DNA evidence linking Thompson to the rape.

SLIP OPINION

was not exculpatory, was not suppressed, and did not prejudice the outcome of the trial. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Thompson's additional claims that the prosecutor was required to provide a transcript of the 911 recording and misled the jury in closing argument by emphasizing the consistency of the victim's statements to the dispatcher and her trial testimony are equally unavailing.

Petition denied; motion denied.