COURTNEY HUDSON GOODSON, Associate Justice
Petitioner Larry Rayford, who was convicted in 1994 of capital murder, brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. It is the fourth such petition filed by Rayford in this court.[1] In the petition and an amendment that he filed to it, Rayford contends that he is entitled to issuance of the writ by the trial court on the ground that he has recently learned that Dr. W.R. Oglesby was not a disinterested person at the time Dr. Oglesby gave his opinion that Rayford was competent to stand trial. Rayford argues that Dr. Oglesby was the psychiatrist for the Arkansas Department of Correction (ADC) and Delta Counseling Associates when he declared that Rayford was competent and that he should have been evaluated by a doctor "outside" the ADC. Rayford asserts that the judgment would not have been rendered had he been aware that Dr. Oglesby had been retained by the ADC.
Rayford's petition is properly filed in this court. His conviction for capital murder and sentence to life imprisonment without parole were affirmed on appeal. Rayford v. State , 326 Ark. 656, 934 S.W.2d 496 (1996). The trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. Newman v. State , 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524 ; Westerman v. State , 2015 Ark. 69, 456 S.W.3d 374 ; Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Newman , 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts , 2013 Ark. 56, 425 S.W.3d 771.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. Green , 2016 Ark. 386, 502 S.W.3d 524.
*477 Rayford's claim for issuance of the writ is that he was incompetent to stand trial. His sole basis for the allegation is that Dr. Oglesby was associated with the ADC, and an independent doctor should have conducted his mental evaluation. Rayford asks this court to take judicial notice that a circuit judge ordered in a recent case that the competency of the prison inmate under sentence of death should be determined by a psychiatrist not retained by the ADC. Rayford does not provide any substantiation for the suggestion that a doctor other than Dr. Oglesby would have declared him incompetent and prevented rendition of the judgment. He also offers no factual support for the assertions that he was prejudiced by the alleged association between Dr. Oglesby and the ADC or that the facts of his case are comparable to those in the other inmate's case. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. McCullough v. State , 2017 Ark. 292, 528 S.W.3d 833, reh'g denied Dec. 14, 2017. In short, the sentencing court had before it at the time of Rayford's trial the issue of whether Rayford was competent to stand trial, and Rayford has failed to show that there existed some fact pertaining to the issue of insanity at the time of trial that would have prevented rendition of the judgment had it been known to the trial court and that, through no negligence or fault of his own, was not brought forward before rendition of the judgment. Accordingly, he has not established a ground for the writ. See Westerman , 2015 Ark. 69, 456 S.W.3d 374, 377 (affirming the denial of coram nobis relief when the petitioner in the coram nobis proceeding who had entered a plea of guilty had raised the issue of his competence before he entered his plea, and the petitioner had failed to show that there existed some fact concerning his competence at the time of the plea that would have prevented rendition of the judgment had it been known to the trial court).
Petition denied.

See Rayford v. State , 2011 Ark. 86, 2011 WL 693584 (per curiam); Rayford v. State , CR-96-428 (Ark. Feb. 14, 2008) (unpublished per curiam); CR-96-428 (Ark. Mar. 4, 2004) (unpublished per curiam).