JOHN DAN KEMP, Chief Justice
Petitioner Jesse Goins brings this petition to reinvest jurisdiction in the trial court so that he may file a petition for writ of error coram nobis in his criminal case and a motion for appointment of counsel. In the petition, Goins contends that the trial court and the State violated *874 Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose that a juror was biased.[1] As Goins's claim does not establish a ground for the writ, the petition is denied. The denial of the petition renders the motion for appointment of counsel moot.
I. Nature of the Writ
The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Newman v. State , 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Newman , 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771.
II. Grounds for the Writ
The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
III. Background
In 1994, Goins and his codefendant Arthur Davis were found guilty by a jury of the aggravated robbery of a convenience store, and both were sentenced to terms of life imprisonment. We affirmed. Goins v. State , 318 Ark. 689, 890 S.W.2d 602 (1995). The evidence adduced at trial established that two men, Arthur Davis and Lamar Davis, entered the store, threatened the manager of the store with a large lock-blade knife--slightly cutting her throat--and threatened her with a handgun. The two men took a bank bag containing cash from the register. They were attempting to bind the manager with duct tape when a car driven by Barry Cooper and with his father, William Cooper, as a passenger, drove up to the gas pumps outside. Arthur Davis and Lamar Davis immediately ran from the store to an old blue car waiting in the parking lot with Goins in the driver's seat. The manager took down the license-plate number of the car as it drove away and asked Barry Cooper to call the police. Goins, Arthur Davis, and Lamar Davis were later apprehended in the car, which contained a large lock-blade knife, a handgun, and the bank bag taken from the store. While the manager was not able to identify Goins at trial as being the driver of the car, she testified that he had been in the store once before and that she remembered his face. Barry Cooper testified that he did not see the face of the driver. On *875 direct appeal, this court held that the State sufficiently proved Goins's presence as the driver of the car on the day of the robbery.
IV. Claim of a Brady Violation
To establish a Brady violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Howard , 2012 Ark. 177, 403 S.W.3d 38. The mere fact that a petitioner alleges a Brady violation is not sufficient to provide a basis for error coram nobis relief. Wallace v. State , 2018 Ark. 164, 545 S.W.3d 767 ; see also Penn v. State , 282 Ark. 571, 670 S.W.2d 426 (1984) (a mere naked allegation that a constitutional right has been invaded will not suffice to warrant coram nobis relief).
The Brady violation alleged by Goins in his petition pertains to juror Lisa Cooper. Before voir dire of the jury panel had begun, the trial court inquired of the panel of potential jurors if there was anyone who had a reason to believe that he or she should not sit on the jury. Lisa Cooper came forward and a bench conference was held between her and the court out of the hearing of the courtroom but with all counsel present, and she returned to the jury box. During voir dire, Lisa Cooper did not respond when the deputy prosecutor inquired whether any person on the panel knew of any reason he or she could not give both the State and the defense a fair trial. Arthur Davis's attorney questioned Lisa Cooper concerning whether she would judge the testimony of Barry Cooper, who would be called to testify as a witness for the State, in the same way she would judge the other witnesses. Lisa answered that she could do so and that she would not believe Barry's testimony if she did not think that his testimony was true. When Goins's attorney inquired if anyone on the panel had read about the case, Lisa Cooper answered that she had read about it in the local newspaper.
Goins contends as grounds for the writ that neither the trial court nor the State revealed to the defense that Lisa was a blood relative of Barry to the "first degree of consanguinity" and that her bias denied him a fair trial. He asserts further that she had acquired knowledge of the robbery from Barry and William Cooper and had formed her belief of his guilt from that knowledge. As support for the claim that he was prejudiced by the Brady violation, Goins has appended to his petition two notarized statements signed by Lisa.
In the first statement, dated January 6, 2000, Lisa avers only that she was a juror "in 1994 where my first cousin Barry Cooper was a witness." In the second statement, dated January 19, 2018, she states that she asked the trial court to remove her from the jury panel because she "may be bias with my decision" because she was related to Barry and to her uncle "Clayton Cooper" and because she lived in the town where the robbery occurred. While the transcript of the bench conference does not appear in the trial record lodged on direct appeal, Lisa's statements set out the information that Lisa imparted to the court and counsel in the discussion at the bench.
Goins has not established a ground to reinvest jurisdiction in the trial court to consider a coram nobis petition. First, when Lisa spoke with the trial court about her possible bias, the discussion was in the presence of the prosecution and the defense. Thus, the relationship between Lisa and witness Barry was known at the time of trial, and any issue arising from the relationship could have been raised and settled at that time. Goins did not meet his threshold burden of demonstrating a fundamental error of fact extrinsic to the record that was concealed from *876 the defense. See Williams v. State , 2017 Ark. 313, 530 S.W.3d 844 (Petitioner failed to demonstrate a Brady violation because he did not show that some fact was hidden from the defense.).
Moreover, even if the relationship between Lisa and Barry had not been known before Goins's trial began, in a coram nobis proceeding, the court must weigh the significance of the information that was alleged to have been concealed from the defense against the totality of the evidence to determine if the hidden information or evidence at issue would have been such as to have prevented rendition of the judgment had the existence of that material been known at the time of trial. Here, Barry did not identify Goins as being the driver of the car, and there was sufficient evidence to establish Goins's guilt if Barry had not testified for the State. See Carter v. State , 2016 Ark. 448, 506 S.W.3d 823 (holding that the totality of the evidence against the petitioner for coram nobis relief was such that the information allegedly withheld by the State from the defense would not have changed the outcome of the trial had it been known).
Petition denied; motion moot.

In addition to setting out his claim for the writ in his petition, Goins has also appended to the petition filed here the petition he desires to file in the trial court. The basis for the petition is the same in both, and in the interest of judicial economy, we consider the petition intended for the trial court as part of the petition for coram nobis relief that is before us. Grady v. State , 2017 Ark. 245, 525 S.W.3d 1.