Cite as 2019 Ark. 273

# SUPREME COURT OF ARKANSAS

No. CR–18–977

| | | |
|---|---|---|
| RALPH MALONE | | **Opinion Delivered:** October 10, 2019 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT, |
| | | SEVENTH DIVISION |
| STATE OF ARKANSAS | | [NO. 60CR–07–4847] |
| | APPELLEE | |
| | | HONORABLE BARRY SIMS, JUDGE |
| | | |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Ralph Malone appeals from the trial court's denial of his pro se petition for a writ of error coram nobis. Because the trial court did not abuse its discretion in denying coram nobis relief, we affirm.

In 2009, Malone pleaded guilty to one count of rape and was sentenced to 180 months' imprisonment. In his petition, Malone alleged that his guilty plea was the result of fraud and coercion, in that the terms of the plea agreement were changed after Malone had signed it. Specifically, Malone contended below and argues on appeal that the plea agreement that he attached to his petition shows that the charge to which he was pleading guilty had been changed from first-degree sexual assault to rape. Malone further asserted that his trial counsel coerced him into "answering loudly and affirmatively" during the plea hearing. Malone insists he did not understand that the charge had been altered.

The trial court denied the petition as failing to state a cognizable claim for the issuance of the writ of error coram nobis and noted that a review of the plea-hearing transcript

demonstrated that the prosecutor amended the charge to rape in open court and provided the range of punishment for the offense.[1] The court further noted that Malone unequivocally pleaded guilty to the charge of rape and did so knowingly and intelligently.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774. An abuse of discretion occurs when the trial court acts arbitrarily or groundlessly. *Id*. The trial court's findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless those findings are clearly erroneous or clearly against the preponderance of the evidence. *Id*.

A writ of error coram nobis is an extraordinarily rare remedy, and proceedings for the writ are attended by a strong presumption that the judgment of conviction is valid. *Jackson v. State*, 2018 Ark. 227, 549 S.W.3d 356. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id*. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id*. It is the petitioner's burden to show that a writ of error coram nobis is warranted. This burden is a heavy one because a writ of error coram nobis is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475. A writ of error coram nobis is available for addressing certain errors that are

---

[1]The transcript of the plea hearing was not included in the record.

found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id*.

A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. *Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683. In determining whether a request for coram nobis relief is meritorious, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Here, the plea agreement, which reveals that the charge of first-degree sexual assault was amended, also reveals that the changes reflected on the plea agreement were initialed by trial counsel and by Malone.[2]

Furthermore, it is unlikely that Malone was unaware of the charge to which he was pleading guilty during the plea hearing. In fact, the trial court noted that the charge of first-degree sexual assault was amended on the record at the beginning of the hearing. Therefore, despite Malone's allegations to the contrary, the trial court found that the plea hearing demonstrates that Malone was properly informed of the charges to which he was pleading guilty. In sum, Malone fails to demonstrate that the amendment to the charge from first-degree sexual assault to rape was extrinsic to the *record* and was unknown to Malone at the time of his plea and conviction. *Jackson*, 2018 Ark. 227, 549 S.W.3d 356.

Malone further contends that his affirmative responses given during the plea hearing were the result of coercion by trial counsel. However, to prove coercion, the petitioner bears the burden of establishing that he pleaded guilty as a result of fear occasioned by physical or

---

[2]Malone's trial counsel was Ron Davis. The initials on the plea agreement are RD and RM.

3

psychological duress or threats of mob violence. *Gray v. State*, 2018 Ark. 79, 540 S.W.3d 658. Malone presents no evidence that his guilty plea was coerced. Instead, Malone's allegations represent a claim that his guilty plea was not entered intelligently and voluntarily—a claim that should have been brought pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2018). *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. The trial court did not abuse its discretion in denying Malone's petition for a writ of error coram nobis.

Finally, we have consistently held that due diligence is required in making an application for coram nobis relief, and in the absence of a valid excuse for delay, the petition can be denied on that basis alone. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. This court will itself examine the diligence requirement and deny a petition when it is evident that a petitioner failed to proceed diligently. *Id*. Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Id*. The record demonstrates that Malone signed the plea agreement and entered his guilty plea in January 2009. It has been over ten years since Malone was convicted as a result of his plea, and he has failed to proceed diligently in claiming entitlement to coram nobis relief.

Affirmed.

*Ralph Malone*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.