Cite as 2019 Ark. 304

# SUPREME COURT OF ARKANSAS

No. CR-17-537

| | |
|---|---|
| CALVIN THORNTON<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** October 31, 2019<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE MOTION FOR LEAVE TO REPLY TO STATE RESPONSE TO MOTION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION, NO. 60CR-15-2832]<br><br>PETITION DENIED; MOTION DENIED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Calvin Thornton has filed a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he alleges that a third party confessed to the crime during the time between his conviction and the completion of his direct appeal. Thornton subsequently filed a motion for leave to file a reply to the State's response to his petition. Because Thornton did not timely file his petition, and because he otherwise failed to state sufficient facts establishing his entitlement to the writ, we deny the petition. Our rules do not permit a reply to a response to a coram nobis petition; therefore, Thornton's motion for leave to file a reply to the State's response to his petition is denied.

Thornton was convicted by a jury of aggravated robbery and first-degree murder and was sentenced to an aggregate term of 600 months' imprisonment. His convictions and sentences were affirmed by the Arkansas Court of Appeals. *Thornton v. State*, 2018 Ark. App. 33, 539 S.W.3d 624.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. *Id*. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id*.; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id*.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id*.; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied on and not to merely state conclusions as to the nature of such facts. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475. In addition, a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis based on an allegation of a third-party confession must be filed in the appellate court before the judgment of conviction has been affirmed on appeal. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984); *see also Smith v. State*, 301 Ark. 374, 784 S.W.2d 595 (1990) (coram nobis remedy was merely expanded to include as a ground for relief a confession by a third party to the crime after the trial and before the appellate court decided the case on appeal).

Here, Thornton makes a conclusory allegation of a third-party confession to the crime during the time between conviction and appeal. Thornton does not name the third party who allegedly confessed, nor does he offer any other evidence to establish its existence. Furthermore, an allegation that a third party has confessed to the crime must be raised in a petition for coram nobis relief that is filed before the judgment of conviction has been affirmed on appeal. Thornton's petition is therefore untimely. *See Thornton*, 2018 Ark. App. 33, 539 S.W.3d 624.

There is no provision that allows a petitioner to file a reply to a response to a coram nobis petition. *See* Ark. Sup. Ct. R. 2-1(a)(d) (2018). Moreover, Thornton's motion appears to raise new arguments and issues in his proposed reply to the State's response. As a general rule, an appellant is not allowed to raise new issues for the first time in a reply brief. *See JurisDictionUSA, Inc. v. Loislaw.com, Inc.*, 357 Ark. 403, 183 S.W.3d 560 (2004). The motion to file a reply to the State's response is denied.

Petition denied; motion denied.

*Calvin Thornton*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for respondent.